IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2007**

Charles R. Fulbruge III
Clerk

No. 06-30961
Summary Calendar

RONALD MARSHALL

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-219

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ronald Marshall, Louisiana prisoner # 336016, appeals from the denial of his 28 U.S.C. § 2254 petition challenging his armed robbery conviction. The district court granted Marshall a certificate of appealability (COA) on the following issues: whether counsel was ineffective for (1) allowing the jury to hear Detective Calvin Brazley's hearsay testimony regarding the substance of an anonymous tip; (2) failing to investigate, interview, and secure witnesses; and (3) failing to investigate and find impeachment evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Marshall's brief is devoid of discussion of the issues on which the district court granted him a COA. Marshall alleges that he is unable to address the merits of his ineffective assistance claims because he was required to leave behind his legal materials when he was evacuated from the Orleans Parish Prison during Hurricane Katrina. The record discloses, however, that despite the unavailability of his legal materials, Marshall nevertheless sufficiently objected to the magistrate judge's recommendation concerning the three ineffective assistance issues on which he was ultimately granted a COA. The record further discloses that Marshall's request for a free copy of the record was granted by the district court.

Marshall did not wait for this court to rule on his request for a free copy of the record before asking that a pleading devoid of discussion of the ineffective assistance issues be filed as his merits brief. Based on the preceding, we hold that his failure to brief the issues on which COA was granted renders them abandoned. Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

AFFIRMED.